**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CAROLYN THOMPSON, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| DIVERSIFIED ADJUSTMENT | § | |
| SERVICE, INC. | § | |
| Defendant | § | |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1. This is an action for damages brought by Plaintiff, Carolyn Thompson ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

1. Plaintiff, Carolyn Thompson ("Plaintiff"), is a natural person residing in the State of Texas, County of Harris, and City of Spring.

2. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

3. Defendant, Diversified Adjustment Service, Inc ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. In connection with collection of an alleged debt in default, Defendant called a third party, Plaintiff's mother, on January 17, 2012 at 8:25 p.m., and at such time, left the following voicemail message:

> "This message is for Carolyn Thompson. If I've reached the wrong number please call me back at 866-923-2995 call back the number and then disconnect now. By continuing to listen to this message you acknowledge you are Carolyn Thompson. This message contains private information. This is Diversified Adjustment Service. This is an attempt to collect a debt, any information obtained will be used for that purpose. Please return my call to 866-923-2995. It's very important to hear back from you. Thank you."

9. Plaintiff is not a minor.

10. In its voicemail message of January 17, 2012, Defendant failed to state that the call was made for the purpose of confirming or correcting location information about Plaintiff.

11. In its voicemail message of January 17, 2012, Defendant identified its employer when it was not expressly requested to do so.

12. In its voicemail message of January 17, 2012, Defendant disclosed the existence of a debt.

13. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior and the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(1)

14. Plaintiff repeats and re-alleges each and every allegation contained above.

15. Defendant's aforementioned conduct violated 15 U.S.C. § 1692b(1) by disclosing the identity of Defendant to a third party without such information being expressly requested.

16. Defendant violated 15 U.S.C. § 1692b(1) by contacting a third party and failing to state that the call was made for the purpose of confirming or correcting location information about a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(2)

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant's aforementioned conduct violated 15 U.S.C. § 1692b(2) by disclosing to a third party the existence of a debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)

19. Plaintiff repeats and re-alleges each and every allegation contained above.

20. Defendant's aforementioned conduct violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX FIN CODE § 392.304(a)(19)

21. Plaintiff repeats and re-alleges each and every allegation above.

22. Defendant violated TEX FIN CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated TEX FIN CODE § 392.304(a)(19);

   b) Awarding Plaintiff statutory damages pursuant to the TDCA;

   c) Awarding Plaintiff actual damages pursuant to the TDCA;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF DTPA

23. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

24. A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

25. Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District of Texas 1045205
Dkruz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:   (888) 595-9111
Facsimile:    (866) 565-1327

*Attorney for Plaintiff*
CAROLYN THOMPSON